UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

MATTHEW LAMBERT,

        Plaintiff,

vs.

CVS PHARMACY, INC., a Rhode Island profit corporation, and OMNICARE, INC., a Delaware profit corporation, both also known as OMNICARE a CVSHealth Company, jointly and severally,

        Defendants.

Case No.
Hon.

_____/

Raymond J. Sterling (P34456)
James C. Baker (P62668)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
jbaker@sterlingattorneys.com

_____/

# COMPLAINT AND JURY DEMAND

Plaintiff, Matthew Lambert, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint against Defendants, submits the following:

## JURISDICTION AND PARTIES

1. This is an action for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, arising out of Plaintiff's employment relationship with Defendants.

2. Plaintiff Matthew Lambert is a resident of Spring, Texas, but at all times relevant to the claims in this pending case, he was a resident of Farmington Hills, Michigan, within the Eastern District of Michigan.

3. Defendant CVS PHARMACY, INC. ("CVS") is a profit corporation incorporated under the laws of the State of Rhode Island, authorized to transact business in Michigan, that relative to this pending case maintains its place of business in Livonia, Michigan, within the Eastern District of Michigan.

4. Defendant OMNICARE, INC. ("Omnicare") is a profit corporation incorporated under the laws of the State of Rhode Island, authorized to transact business in Michigan, that relative to this pending case maintains its place of business in Livonia, Michigan, within the Eastern District of Michigan.

5. For the purposes of this litigation, both CVS and Omincare are also known as "Omnicare, a CVSHealth Company."

6. Defendants were Plaintiff's joint employers.

7. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

8. This Court has federal question jurisdiction under 28 USC 1331 because this action arises under the laws of the United States.

9. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

10. Plaintiff timely files this complaint within 90 days of receiving his EEOC right to sue notices, which were emailed to him on or about July 15, 2021.

## BACKGROUND FACTS

11. Plaintiff, a male, became employed with CVS on June 1, 2005, and thereafter with Omnicare on or about December 1, 2018.

12. At all times relevant to this litigation, Plaintiff was employed as a "Pharmacy Operations Manager."

13. Plaintiff was qualified to perform his duties as Pharmacy Operations Manager.

14. Throughout his employment, Plaintiff performed his job duties in a manner that was satisfactory or better.

15. Defendants' performance reviews revealed Plaintiff's positive performance and confirmed the positive quality of his work.

16. In or around December 2019, Plaintiff's previous supervisor retired, and Plaintiff was assigned new management.

17. On January 8, 2020, without warning, Plaintiff was subjected to and issued a Level Two corrective action.

18. Plaintiff has evidence showing that female employees who were similarly situated to him were not subjected to disciplinary action for the same or similar reasons that Plaintiff was disciplined.

19. On or about January 21, 2020, Plaintiff formally complained to Defendants that he believed he was being discriminated against because of his sex.

20. Defendants took no action to address or remedy Plaintiff's complaint.

21. Rather, after he complained about disparate treatment and discrimination based on his sex, Plaintiff was forced to perform all overnight shifts whereas his similarly-situated female counterparts were not so required.

22. In March 2020, despite being eligible for a performance bonus, Defendants denied Plaintiff his bonus

23. Plaintiff was the only manager in the district who was bonus eligible who did not receive a bonus.

24. Female managers in the district that were bonus eligible received a bonus.

25. On July 20 and August 20, 2020, Plaintiff was again issued discipline for routine matters that similarly-situated female co-workers who engaged in the same routine behaviors were not.

26. On or about September 16, 2020, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission.

27. Defendants were aware of Plaintiff's EEOC charge.

28. Between September 16, 2020 and October 23, 2020, Defendants' agents and employees, including Plaintiff's supervisory and management staff, intensified discriminatory and retaliatory treatment toward Plaintiff.

29. On October 23, 2020 Plaintiff was terminated without justification.

30. Plaintiff's engaging in protected activity was a reason for his termination.

## COUNT I
*Discrimination in violation of Title VII*

31. Plaintiff incorporates by reference his prior claims, and the previous paragraphs above as though set forth in full again here.

32. At all material times, Plaintiff was an employee and Defendants were his employers covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC 2000-e *et seq.*

33. Defendants, by agents and employees, treated Plaintiff differently, harassed him, subjected him to disparate treatment, denied him earned benefits

of his employment, created a hostile work environment, and terminated him due to Plaintiff's sex.

34. CVS, by its agents and employees, was predisposed to discriminate against Plaintiff on the basis of his sex, acting according to that predisposition.

35. Omnicare, by its agents and employees, was predisposed to discriminate against Plaintiff on the basis of his sex, acting according to that predisposition.

36. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected and he was terminated because of those actions.

38. As a direct and proximate result of the Defendants' wrongful and discriminatory treatment of Plaintiff, Mr. Lambert has suffered injuries and damages, including, but not limited to, loss of past, present, and future earnings, loss of his earning capacity, loss of the value of fringe and other benefits, bonus income and income from advancement, mental and emotional distress including anxiety and mental anguish, humiliation and embarrassment, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice; to the extent the conduct is found to be intentional

and willful, engaged in with malice and reckless indifference to Plaintiff, Plaintiff requests an award of punitive damages against Defendants, jointly and severally.

## COUNT II
*Discrimination in Violation of Michigan's Elliott-Larsen Civil Rights Act*

39. Plaintiff incorporates by reference his prior claims, and the previous paragraphs above as though set forth in full again here.

40. At all material times, Plaintiff was an employee and Defendants were employers, and both were covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

41. Defendants, by agents and employees, treated Plaintiff differently, harassed him, subjected him to a hostile work environment, and terminated him, due to Plaintiff's sex.

42. CVS, by its agents, was predisposed to discriminate against Plaintiff on the basis of his sex, acting according to that predisposition.

43. Omnicare, by its agents, was predisposed to discriminate against Plaintiff on the basis of his sex, acting according to that predisposition.

44. Plaintiff's sex was a reason for the discriminatory actions taken by Defendants, including terminating him.

45. As a direct and proximate result of Defendants' actions, the terms, conditions and privileges of Plaintiff's employment were adversely affected and he was terminated.

46. As a direct and proximate result of the Defendants' wrongful and discriminatory treatment of Plaintiff, Mr. Lambert has suffered injuries and damages, including, but not limited to, loss of past, present, and future earnings, loss of his earning capacity, loss of the value of fringe and other benefits, bonus income and income from advancement, mental and emotional distress including anxiety and mental anguish, humiliation and embarrassment, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT III
*Retaliation in Violation of Title VII*

47. Plaintiff incorporates by reference his prior claims, and the previous paragraphs above as though set forth in full again here.

48. Title VII prohibits retaliation against persons who complain about sex discrimination.

49. Plaintiff engaged in protected activity complaining and opposing unlawful sex discrimination, harassment, and retaliation.

50. Defendants' retaliatory treatment and harassment of Plaintiff as set forth above, including engaging in different and more detrimental employment practices than his female counterpart(s), escalating its discriminatory treatment against him, refusing him the benefits of his employment whereas his female

counterparts received those same or similar benefits he should have enjoyed, and terminating him, were in violation of the anti-retaliation provisions of Title VII.

51. The actions of Defendants by their agents were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

52. As a direct and proximate result of the Defendants' wrongful and retaliatory treatment of Plaintiff, Mr. Lambert has suffered injuries and damages, including, but not limited to, loss of past, present, and future earnings, loss of his earning capacity, loss of the value of fringe and other benefits, bonus income and income from advancement, mental and emotional distress including anxiety and mental anguish, humiliation and embarrassment, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice; to the extent the conduct is found to be intentional and willful, engaged in with malice and reckless indifference to Plaintiff, Plaintiff requests an award of punitive damages against Defendants, jointly and severally.

## COUNT IV
### *Retaliation in Violation of Michigan's Elliott-Larsen Civil Rights Act*

53. Plaintiff incorporates by reference his prior claims, and the previous paragraphs above as though set forth in full again here.

54. Michigan's Elliott-Larsen Civil Rights Act prohibits retaliation against persons who engage in protected activity, including complaining about sex discrimination.

55. Plaintiff engaged in activities protected by Elliott-Larsen Act when he complained of and opposed unlawful sex discrimination, disparate treatment, harassment, and retaliation.

56. Defendants' retaliatory treatment and harassment of Plaintiff as set forth herein, including engaging in different and more detrimental employment practices than his female counterpart(s), escalating its discriminatory treatment against him, refusing him the benefits of his employment whereas his female counterparts received those same or similar benefits he should have enjoyed, and terminating him, were in violation of the anti-retaliation provisions of Elliott-Larsen.

57. The actions of Defendants, by agents and employees, were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

58. As a direct and proximate result of the Defendants' wrongful and retaliatory treatment of Plaintiff, Mr. Lambert has suffered injuries and damages, including, but not limited to, loss of past, present, and future earnings, loss of his earning capacity, loss of the value of fringe and other benefits, bonus income and income from advancement, mental and emotional distress including anxiety and mental anguish, humiliation and embarrassment, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

WHEREFORE, Plaintiff Matthew Lambert seeks all available legal and equitable remedies, including damages and compensation for his loss of wages (including back and front pay, bonuses, and income from advancement lost), loss of fringe benefits, lost compensation based on his loss of earning potential, non-economic and emotional distress damages, other incidental and consequential damages, punitive damages, and his actual attorney fees and costs.

## JURY DEMAND

Plaintiff Matthew Lambert by his attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

>Respectfully submitted,
>
>STERLING ATTORNEYS AT LAW, P.C.
>
>By:  /s/James C. Baker
>       Raymond J. Sterling (P34456)
>       James C. Baker (P62668)
>       Attorneys for Plaintiff
>       33 Bloomfield Hills Pkwy., Ste. 250
>       Bloomfield Hills, MI 48304
>       (248) 644-1500

Dated:  August 23, 2021